UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERICK TOLSTON (#3145)　　　　　　　　　　　　　　　CIVIL ACTION

VERSUS

DOCTOR JOHN THOMPSON, ET AL.　　　　　　　　　　NO. 11-0252-BAJ-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 7, 2011.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　MAGISTRATE JUDGE DOCIA L. DALBY

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ERICK TOLSTON (#3145)                                      CIVIL ACTION

VERSUS

DOCTOR JOHN THOMPSON, ET AL.                               NO. 11-0252-BAJ-DLD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, a prisoner confined at the Feliciana Forensic Facility ("FFF"), Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against FFF, Dr. John Thompson, and Bruce Greenstein (Secretary of the United States Department of Health and Hospitals). The plaintiff alleges that his constitutional rights have been violated as a result of his continued confinement at FFF. Specifically, he asserts that he was originally charged in 1998 with the unauthorized entry of an inhabited dwelling. After being found not guilty by reason of insanity, he was transferred to FFF. He contends that he has been retained at FFF in violation of state and federal law, "inpatient and outpatient status", for over eight (8) years in connection with the original charge, notwithstanding that he has not been diagnosed with a mental illness and takes no medication to treat mental illness. He asserts that, had he been convicted of the original charge in 1998, he would have completed his sentence by now, and accordingly, he contends that his continued confinement is wrongful. He seeks a release from confinement and monetary damages.

Pursuant to 28 U.S.C. § 1915(e), the Court is authorized to dismiss an action or claim brought in forma pauperis if the Court determines that the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An action or claim is properly dismissed as frivolous if it lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A Court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. Denton, supra. Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915 purposes. Id.; Ancar

v. Sara Plasma, Inc., 964 F.2d 465 (5th Cir. 1992). Further, a § 1915(e) dismissal may be made at any time, before or after service of process and before or after an answer is filed. Cf., Green v. McKaskle, supra.

In addressing the plaintiff's claims, the Court must first determine whether these claims are properly pursued under 42 U.S.C. § 1983 or whether they must initially be brought in a habeas corpus proceeding. This determination is made by focusing on the scope of relief actually sought by the plaintiff. Serio v. Members of Louisiana State Board of Pardons, 821 F.2d 1112 (5th Cir. 1987). In the instant case, the plaintiff's Complaint prays for his immediate release from confinement. The law is clear, however, that when a prisoner brings a claim that directly or indirectly challenges the constitutionality of the state conviction or decision under which he is confined, the claim must be pursued in a habeas corpus proceeding. Serio v. Members of the Louisiana State Bd. of Pardons, supra. Accordingly, because a resolution of the plaintiff's claim in his favor would result in his release from confinement, he must first pursue this claim in a habeas corpus proceeding. Keenan v. Bennett, 613 F.2d 127 (5th Cir. 1980); Wilson v. Foti, 832 F.2d 891 (5th Cir. 1987). For this reason, this aspect of the plaintiff's claim is subject to dismissal.[1]

Further, to the extent that the plaintiff seeks monetary damages resulting from his alleged wrongful confinement, this claim is also subject to dismissal. Specifically, a prisoner's claim for monetary damages attributable to an alleged wrongful confinement is not cognizable in federal court whenever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). If so, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. As stated in Heck:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of

---

[1] It appears that the plaintiff has previously attempted to pursue habeas corpus claims in the Western District of Louisiana, where the original criminal charge originated, see Erick Tolston v. Warden, Lincoln Parish Detention Center, Civil Action No. 09-1673-DEW-KLH (W. D. La.); Erick Tolston v. Johnny Creek, et al., Civil Action No. 09-2151-DEW-KLH (W. D. La). These claims have been dismissed as a result of the plaintiff's failure to first exhaust his remedies in state court.

habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

<u>Heck v. Humphrey</u>, <u>supra</u> (emphasis in original). In the present case, a resolution of the petitioner's claims in his favor, <u>i.e.</u>, a determination that he is entitled to monetary damages as a result of his wrongful confinement, would necessarily imply that such confinement should be discontinued. Since the petitioner has failed to allege that the decision under which he is confined has been invalidated or called into question in a separate proceeding, his claim falls within the holding of <u>Heck v. Humphrey</u>. Accordingly, his cause of action for monetary damages or equitable relief attributable to the alleged unconstitutional confinement has not yet accrued. <u>Boyd v. Biggers</u>, 31 F.3d 279 (5th Cir. 1994) ("Dismissal of the § 1983 action under 28 U.S.C. § 1915(d) is appropriate, post-<u>Heck</u>, because the plaintiff's action has been shown to be legally frivolous"). <u>See also</u> <u>Stephenson v. Reno</u>, 28 F.3d 26 (5th Cir. 1994); <u>Johnson v. McElveen</u>, 101 F.3d 423 (5th Cir. 1997). It is therefore appropriate that the petitioner's claim for monetary damages attributable to the alleged wrongful confinement be dismissed, with prejudice to re-assertion until the conditions set forth in <u>Heck v. Humphrey</u> are satisfied. <u>Arvie v. Broussard</u>, 42 F.3d 249 (5th Cir. 1994).

## RECOMMENDATION

It is recommended that the plaintiff's action be dismissed, with prejudice, as legally frivolous within the meaning of 28 U.S.C. § 1915, until the conditions set forth in <u>Heck v. Humphrey</u>, <u>supra</u>, are satisfied.[2]

Signed in Baton Rouge, Louisiana, on September 7, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[2] Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."